Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50192 | **DATE** | 7/22/2002 |
| **CASE TITLE** | SMITH vs. GOTTLIEB | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is granted. Plaintiffs are given leave to file an amended complaint within 20 days. The Rule 12(b)(2) motions of University of Wisconsin Hospital and Clinics and Michael Altaweel, M.D. remain pending unless an amended complaint is not timely filed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUL 23 2002 | 10 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7-23-02 | |
| /SEC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, James Smith and Donna Smith, filed this action, in Illinois state court against defendants, Justin Gottlieb, M.D., University of Wisconsin Medical Foundation Inc., University of Wisconsin Hospitals and Clinics, and Michael Altaweel, M.D., to recover damages as a result of the alleged medical malpractice of defendants during James Smith's eye surgery. Defendants Justin Gottlieb, M..D. and University of Wisconsin Medical Foundation, Inc., filed a joint 12(b)(6) motion to dismiss the complaint because plaintiffs failed to comply with section 2-622 of the Illinois Code of Civil Procedure. 732 ILCS 5/2-622. Jurisdiction is proper under 28 U.S.C. § 1332, as plaintiffs are citizens of Illinois and defendants are citizens of Wisconsin.

Section 2-622 requires that plaintiffs in an action for "healing art malpractice" attach to their complaint an affidavit from a health care professional who has reviewed the claim and finds it meritorious. The health care professional must clearly identify the reasons that a meritorious claim exists, state that the acts fell below the standard of care, and why the acts fell below the standard of care. Avakian v. Chulengarian, 766 N.E.2d 283, 295 (Ill. App. Ct. 2002). The affidavit should not contain generalized conclusions of malpractice, but rather state specifically the reasons for the conclusion that the action is meritorious. Giegoldt v. Condell Medical Center, 767 N.E.2d 497, 501-2 (Ill. App. Ct. 2002). This requirement applies to claims in federal court. Landstrom v. Illinois Dep't of Children and Family Serv., 699 F. Supp. 1270, 1282 (7th Cir. 1988), affirmed, 892 F.2d 670 (7th Cir. 1990).

Defendants argue that plaintiffs' health care professional's affidavit consists of generalized conclusions of malpractice, therefore, the affidavit fails to comply with section 2-622. The court finds that plaintiffs' affidavit has not met the requirements of section 2-622. In the affidavit the health care professional merely outlines seven failures, which gives neither the court nor defendants insight into the reasons a claim exist. Moreover, the affidavit does not clearly identify what actions defendants did wrong in their treatment of Smith. See Premo v. Falcone, 554 N.E.2d 1071, 1076 (Ill. App. Ct. 1990). Plaintiffs' reliance upon cases cited in their brief lend little to their argument because the cases addressed a different issue than the present case and the affidavit in those cases contained more than a scant seven lines of general conclusions. See Sherrod v. Lingle, 223 F.3d 605, 614 (7th Cir. 2000) (addressing whether the trial court abused its discretion when the court did not allow the plaintiff to amend his complaint to comply with section 2-622); Neuman v. Burstein, 595 N.E.2d 659 (Ill. App. Ct. 1992) (considering whether plaintiff's failure to file a separate report for each physician listed in the complaint required dismissal of the claim); Ebbing v. Prentice, 587 N.E.2d 1115 (Ill. App. Ct. 1992) (considering whether plaintiff's failure to file a separate report for each physician listed in the complaint required dismissal of the claim with prejudice and whether the plaintiff showed good cause for not filing the affidavit in a timely manner). Plaintiffs have simply failed to comply with the requirements of section 2-622.

For the foregoing reasons, defendants motion to dismiss is granted. Plaintiffs are given may file an amended complaint within 20 days. See Fed. R. Civ. P. 15(a).