Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50192 | DATE | 8/19/2002 |
| CASE TITLE | | SMITH vs. GOTTLIEB | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, the motion of defendant, University of Wisconsin Hospital and Clinics, to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(2) is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | AUG 20 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8-19-02 | |
| | | date mailed notice | |
| LC | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, James Smith and Donna Smith, filed this action for personal injury resulting from medical malpractice and loss of consortium in Illinois state court against defendants, Justin Gottlieb, M.D., Retina Consultants of the University of Wisconsin Medical Foundation and University of Wisconsin Hospital and Clinics Authority ("UWHCA") (named in complaint as University of Wisconsin Clinics-University Station Clinic). The defendants removed the case to federal court based on diversity of citizenship, plaintiffs being citizens of Illinois and defendants citizens of Wisconsin. UWHCA moved for dismissal of this action against it pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiffs filed a first amended complaint on August 8, 2002. UWHCA's motion carried over to the first amended complaint. Plaintiffs notified the court they would not file a response to this motion.

Plaintiffs have the burden of establishing personal jurisdiction. RAR, Inc v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). UWHCA has filed the affidavit of its general counsel asserting it is not organized under the laws of Illinois and does not do business in Illinois. The affidavit further asserts that Gottlieb was not an employee nor an agent of UWHCA. The affidavit asserts Gottlieb was a member of the faculty of the University of Wisconsin System, an employee of the State of Wisconsin, and acting within the scope of such employment, in all of his contacts with plaintiff. Section 233.17(2)(b) of the Wisconsin Statutes Annotated provides no member of the faculty of the University of Wisconsin System acting within the scope of his employment may be considered for liability purposes to be an agent of UWHCA. Plaintiffs have not attempted to refute these assertions.

Personal jurisdiction exists under Illinois law, which applies in this diversity action, only when it is fair, just and reasonable to require a nonresident defendant to defend in Illinois considering the quality and nature of defendant's actions occurring in Illinois or affecting interests located in Illinois. Id. at 1275-76. Plaintiffs have made no showing that UWHCA has taken any actions in Illinois or affecting interests in Illinois. Plaintiffs have failed to meet their burden of establishing personal jurisdiction over UWHCA.

UWHCA's motion to dismiss is granted.